IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEANETTE GARRETT,                    :
                                     :
        Plaintiff,                   :
                                     :
vs.                                  :    CIVIL ACTION 08-0175-WS-M
                                     :
CEONIA STANTON, JEFF DUNN,           :
and PAT DONNELLY,                    :
                                     :
        Defendants.                  :


REPORT AND RECOMMENDATION


The Motion to Dismiss filed by Defendants (Docs. 13-14) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331, pursuant to 42 U.S.C. § 1983.  After consideration, it is recommended that Defendants' motion be granted, that this action be dismissed, and that judgment be entered in favor of Defendants Ceonia Stanton, Jeff Dunn, and Pat Donnelly and against Plaintiff Jeanette Garrett on all claims.

The facts, very briefly, are as follows.  In March 2004, an arrest warrant was issued for Plaintiff Jeanette Garrett, a resident of Baldwin County, Alabama,[1] based on a video made by Defendants Jeff Dunn and Pat Donnelly and narrative reports prepared by Defendant Ceonia Stanton which indicated that Garrett

_____

[1]Baldwin County is within this Court's jurisdiction.  28 U.S.C. § 81(c)(2).

had sold crack cocaine and marijuana to them while they were conducting a sting operation by the Baldwin County Sheriff's Department (Doc. 1, ¶¶ 1-4, 8-12).  On April 20, 2004, Garrett was indicted on felony charges of distributing cocaine and marijuana (Doc. 1, ¶ 12).  On April 14, 2006, the District Attorney dismissed the charges against Plaintiff (*id.* at ¶ 14).

On April 2, 2008, Garrett brought this action against Defendants Stanton, Dunn, and Donnelly, asserting the following claims:  (1) a violation of 42 U.S.C. § 1983 because of her wrongful arrest; (2) malicious prosecution; (3) outrage; (4) wantonness; (5) false imprisonment; and (6) civil conspiracy. Defendants filed a Motion to Dismiss this action to which Garrett has filed a Response (Doc. 23); Defendants have Replied to the Response (Doc. 24).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to

"give the defendant fair notice of what the plaintiff's claim is
and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S.
41, 47 (1957).[2]  While factual allegations do not have to be
detailed, they must contain more than "labels and conclusions;" a
formulaic recitation of the elements of a cause will not do."
*Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1965 (2007)
(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual
allegations must be enough to raise a right to relief above the
speculative level." *Id.* (citations omitted).  "Facts that are
'merely consistent with' the plaintiff's legal theory will not
suffice when, 'without some further factual enhancement [they]
stop short of the line between possibility and plausibility of
"entitle[ment] to relief."'"  *Weissman v. National Association of
Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007)
(quoting *Twombly*, 127 S.Ct. at 1966) (quoting *DM Research, Inc.
v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir.
1999)).  As noted by the Supreme Court, Plaintiffs must "nudge[]
their claims across the line from conceivable to plausible[;
otherwise,] their complaint must be dismissed." *Twombly*, 127

---

[2]*Conley* also stated that "a complaint should not be dismissed for
failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S.
Supreme Court has done away with this standard in *Bell Atlantic
Corporation v. Twombly*, 127 S.Ct. 1955, 1966-69 (2007).  The Court,
nevertheless, finds *Conley*'s statement regarding the purpose of Rule
8(a)(2) to be useful here in deciphering the analysis necessary for
evaluating Plaintiff's claims.

U.S. at 1974.[3]

Defendants first argue that Plaintiff's claims should be dismissed because they are barred by the statute of limitations (Doc. 14, pp. 6-9).[4] The U.S. Supreme Court has held that "a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). "The two-year limitations period of Ala. Code § 6-2-38(l)[5] applies to section 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).[6]

Though the Parties agree on the period of limitations, they do not agree on when the limitations clock began to run. Defendants have asserted that, according to principles of law restated by the U.S. Supreme Court in *Wallace v. Kato*, 127 S.Ct. 1091, 1095 (2007), the accrual date of a § 1983 action occurs

---

[3]The Court notes that there has been some discussion between the parties regarding the applicability of *Twombly* here as that case dealt with anti-trust issues and this action clearly does not (*see* Doc. 23, p. 2; *cf.* Doc. 24, p. 3). This Court finds *Twombley* applicable in this action in that Plaintiff will not be allowed to proceed with only a showing of "[any] set of facts in support of [her] claim which would entitle [her] to relief."

[4]In her Response to Defendants' Motion to Dismiss, Garrett admits that the false imprisonment claim appears to be time-barred (Doc. 23, p. 11). The Court appreciates Plaintiff's candidness with regard to this claim. Accordingly, it is recommended that Plaintiff's claim for false imprisonment (Doc. 1, ¶¶ 28-29) be dismissed.

[5]"All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

[6]In this action, Alabama law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

"when the plaintiff has 'a complete and present cause of action.'"  *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201 (1997)) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)).   In other words, the action accrues "when 'the plaintiff can file suit and obtain relief.'"  *Wallace*, 127 S.Ct. at 1095 (quoting *Bay Area Laundry*, 522 U.S. at 201).

Plaintiff's first claim is a § 1983 action for wrongful arrest.   The *Wallace* Court has held that "[t]here can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date."  *Wallace*, 127 S.Ct. at 1095.   The Court notes that Plaintiff's Complaint does not indicate on what date she was arrested (*see* Doc. 1).[7]

Plaintiff has argued that Defendants' reliance is misplaced; this argument, however, is focused on her claim for malicious prosecution (Doc. 23, pp. 7-13).   Garrett's argument is based on a U.S. Supreme Court decision in which the Court held that a civil action could not proceed to adjudication if the judgment reached would, essentially, render a criminal conviction invalid; to proceed with such an action, "a § 1983 plaintiff must prove

---

[7]The Complaint states that a warrant of arrest was issued in March 2004 and that a Grand Jury issued an indictment on April 20, 2004, but no specific statement is made regarding her arrest date (Doc. 1, ¶ 12).

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

*Heck* is critical to Garrett's argument because, as noted by the *Heck* Court, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck*, 512 U.S. at 484.  Plaintiff's Complaint states that the District Attorney dismissed the charges against her on April 4, 2006 (Doc. 1, ¶ 14).  Alabama statutory law provides for a two-year statute-of-limitations period for malicious prosecution.  Ala. Code § 6-2-38(h).  This action was filed on April 2, 2008 (Doc. 1, ¶ 14), so Garrett has met the statute of limitations period for her malicious prosecution claim.

The Court has examined Plaintiff's statute of limitations argument regarding her State claims of outrage, wantonness, and civil conspiracy (Doc. 23, pp. 11-13) and finds it convincing.  Noting that Defendants have made no counter-argument, the Court finds, for purposes of Defendants' Motion to Dismiss argument, that these claims are so connected to Garrett's malicious prosecution claim that she could not have sought recompense, under the principles of *Heck*, until after the District Attorney dismissed the charges against her on April 4, 2006.  As such, the

Court finds that the State claims of outrage, wantonness, and civil conspiracy were raised in a timely fashion in this action and are not barred by the statute of limitations period.

Returning to the question of Plaintiff's § 1983 claim for false arrest, the Court finds that it is barred by the limitations period as it comes too late.[8]  The Court has construed Garrett's argument, much like the State claims, to be that she could not bring the false arrest claim previously because it is tied up, part and parcel, with the malicious prosecution claim; the Court, however, does not accept this argument here.  *Wallace* clearly holds that Plaintiff's limitations period on the false arrest claim began to run from the moment she was arrested.  *Wallace*, 127 S.Ct. at 1095.  The wrongful arrest claim comes too late.

In summary, with regard to Defendants' statute of limitations arguments, the Undersigned recommends that Defendants' Motion to Dismiss be granted as to Garrett's § 1983 claim for false arrest and State claim for false imprisonment on the ground that they are barred by the statute of limitations period.  It is further recommended that Defendants' Motion be

---

[8]As noted earlier, Plaintiff has not stated in her Complaint when she was arrested, so the Court cannot say how late this action was filed, but, presumably, she was arrested more than several days before the District Attorney dismissed the charges.

denied as to Plaintiff's § 1983 claim for malicious prosecution[9] and the State claims for outrage, wantonness, and civil conspiracy as they were filed in a timely manner.

Defendants next argue that they are entitled to absolute immunity for any claims brought against them in their official capacity (Doc. 13, pp. 9-10).  Plaintiff has stated that she has not asserted any claims against the Defendants in their official capacity (Doc. 23, p. 6).  Further discussion is not necessary.

Defendants have next asserted that they are entitled to qualified immunity on Garrett's § 1983 claim for malicious prosecution; they have further argued that Plaintiff's claim should be dismissed as it does "not meet the Eleventh Circuit's pleading standard for § 1983 cases involving qualified immunity" (Doc. 14, p. 10; *see generally* pp. 10-12).  The Eleventh Circuit Court of Appeals, in *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998), stated as follows:

> [W]hile Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed

---

[9]The Court notes that Garrett has characterized her malicious prosecution claim as coming under § 1983 (Doc. 1, ¶ 19; Doc. 23, p. 20) and also as a State claim (Doc. 23, p. 7).  The Court notes that, in *Wood v. Kesler*, 323 F.3d 872, 881 n. 14 (11th Cir. 2003), *cert. denied*, 540 U.S. 879 (2003), the Eleventh Circuit Court of Appeals noted that "[w]hile there is no definitive Supreme Court decision, our Court has recognized the constitutional tort of malicious prosecution under the Fourth Amendment."  This Court will explain the analysis of this claim later, but notes, presently, that this claim will be treated as a § 1983 claim for purposes of this report.

8

> out nonmeritorious claims, requiring that a §
> 1983 plaintiff allege with some specificity
> the facts which make out its claim. *See
> Oladeinde v. City of Birmingham*, 963 F.2d
> 1481, 1485 (11th Cir. 1992) (citing *Arnold v.
> Bd. of Educ.*, 880 F.2d 305, 309 (11th Cir.
> 1989)). Some factual detail in the pleadings
> is necessary to the adjudication of § 1983
> claims. This is particularly true in cases
> involving qualified immunity, where we must
> determine whether a defendant's actions
> violated a clearly established right.

*GJR Investments, Inc.*, 132 F.3d at 1367. With regards to

qualified immunity, the Court notes, initially, that "[q]ualified

immunity is 'an entitlement not to stand trial or face the other

burdens of litigation.' The privilege is 'an *immunity from suit*

rather than a mere defense to liability.'" *Saucier v. Katz*, 533

U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511,

526 (1985)) (emphasis in original). To that end, the issue of

qualified immunity should be determined early in the litigation

process. *Saucier*, 533 U.S. at 201 (citing *Hunter v. Bryant*, 502

U.S. 224, 227 (1991) (*per curium*)).

"To receive qualified immunity, the public official 'must

first prove that he was acting within the scope of his

discretionary authority when the allegedly wrongful acts

occurred.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir.

2002) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.

2002)). The Court finds that all Defendants were acting within

their discretionary duty as law enforcement officers. Garrett

has not argued otherwise (Doc. 23, p. 18) ("Garrett does not

argue that the Defendants were not acting within their discretionary authority"). Therefore, it appears to the Court that the Defendants may all be able to avail themselves of the qualified immunity defense; however, further analysis is necessary.

When confronted with a qualified immunity issue, a court should first answer the question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." *Saucier*, 533 U.S. 201 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). The *Saucier* Court went on to state that

> [i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition.

*Saucier*, 533 U.S. 201.

Plaintiff has claimed that she was a victim of malicious prosecution under the Fourth Amendment (Doc. 1, ¶¶ 19, 21-23). "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment

right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  In Alabama, a plaintiff must show the following to get a claim of malicious prosecution to the jury:

> "(1) that a prior judicial proceeding was instituted by the present defendant, (2) that in the prior proceeding the present defendant acted without probable cause and with malice, (3) that the prior proceeding ended in favor of the present plaintiff, and (4) that the present plaintiff was damaged as a result of the prior proceeding."

*Delchamps, Inc. v. Bryant*, 738 So.2d 824, 831-32 (Ala. 1999)[10] (citing *Fina Oil & Chemical Co. v. Hood*, 621 So.2d 253 (Ala. 1993); *Delchamps, Inc. v. Larry*, 613 So.2d 1235 (Ala. 1992)). The *Wood* Court was quick to note, however, that although the State law informs the analysis, a "Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law."  *Wood*, 323 F.3d at 882 n.17 (citing *Green v. Montgomery*, 219 F.3d 52, 60 n.2 (2d Cir. 2000) ("[The] federal law of probable cause—not state law—should determine whether a plaintiff has raised a genuine issue of material fact with respect to a § 1983 malicious prosecution claim.")).

---

[10]The Court notes that *Delchamps* was cited by the *Wood* Court in its discussion.  *Wood*, 323 F.3d at 872.

The Court will now examine Garrett's complaint to determine if a claim for malicious prosecution has been stated.  Looking at the *Delchamps* case, the Court finds that Plaintiff's Complaint makes assertions that satisfy the first, third, and fourth elements of the claim.  Specifically, accepting Garrett's assertions as true, the Court finds the following:  all of the Defendants were involved in an undercover operation that led to her arrest and indictment on three charges of drug distribution (*Delchamps* element one; Doc. 1, ¶¶ 8-12); the charges were all dismissed by motion of the District Attorney (*Delchamps* element three; Doc. 1, ¶ 14); and Plaintiff has been publicly identified as a criminal and lost Social Security benefits because of Defendant's actions, causing her emotional distress and humiliation (*Delchamps* element four; Doc. 1, ¶¶ 14-15, 23).

Though the Court finds that Plaintiff has satisfied three of the four *Delchamps* elements, the Court hesitates to find that Garrett has demonstrated the second element, *viz.*, "that in the prior proceeding the present defendant[s] acted without probable cause and with malice."  The Court's reluctance is based on Plaintiff's failure to adequately show both that the Defendants acted without probable cause and that they were malicious in their actions.  Further discussion follows.

Alabama law states that "[p]robable cause is the state of facts which would lead a person of reasonable prudence to honestly believe that the claims put forth in the prior suit

12

would prevail." *Eubanks v. Hall*, 628 So.2d 773 (Ala. Civ. App. 1993) (citing *Emperigas Inc., of Elberta v. Feely*, 524 So.2d 626, 627 (Ala. 1988)).  The Eleventh Circuit Court of Appeals, in discussing probable cause,[11] has stated as follows:

> For probable cause to exist, . . . an arrest must be objectively reasonable based on the totality of the circumstances. *See Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). "This standard is met when 'the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or about to commit an offense.'" *Id.* (quoting *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995)).  Although probable cause requires more than suspicion, it "does not require convincing proof," *id.* (quoting *Bailey v. Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1119 (11th Cir. 1992)), and "need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Id.* (quoting *State v. Scott*, 641 So.2d 517, 519 (Fla.Dist.Ct.App. 1994)).

*Lee*, 284 F.3d at 1195.

In the complaint, Plaintiff states that she "is disabled and confined to a wheelchair as a result of a stroke" (Doc. 1, ¶ 15). This is the total explanation for how she "obviously could not have committed" the crimes for which she was charged (Doc. 1, ¶ 19).  Plaintiff fails to state when the stroke occurred; more

---

[11]The Court notes that this is an arrest case—and not one for malicious prosecution.  The language is, nevertheless, instructive.

importantly, she has failed to assert that the stroke had occurred—and that she was wheelchair-bound—at the time that the alleged drug transactions took place.

Assuming, however, that Garrett intends for the Court to presume that she had suffered her stroke and was wheelchair-bound at the time these alleged drug transactions took place, Plaintiff has not shown that she could not have been the person Defendants were dealing with in stating the following: "Stanton reported that Dunn and Donnelly saw Garrett go to a trailer, tap on it's [sic] side, enter and return with drugs" (Doc. 1, ¶ 10). While the Court admits that a disabled woman in a wheelchair is not what one normally conjures up when imagining the seller in a drug transaction, it does happen.[12]   More to the point though, Plaintiff, in her Complaint, has not shown that the police had no probable cause to believe that she was the one who was involved in these transactions.

Analysis of the second *Delchamps* element also requires that Plaintiff show that the Defendants acted with malice.  The Alabama Court of Civil Appeals has stated the following about *malice*:

> Malice, for purposes of a malicious

---

[12]The Court takes judicial notice of a finding, by this Court, of probable cause for purposes of detaining Lucious Westry, a wheelchair-bound woman in her nineties, who had been involved in selling morphine, oxycontin, lortab, and methadone out of her home.  *USA v. Westry*, CR 05-00206-WS-B-1 (S.D. Ala. July 14, 2005 (Doc. 67)).

> prosecution action, may be inferred from want
> of probable cause or it may be inferred from
> the circumstances surrounding and attending
> prosecution.  *Thompson v. Kinney*, 486 So.2d
> 442 (Ala. Civ. App. 1986).  "This is because
> malice is incapable of positive, direct proof
> and must out of necessity be rested on
> inferences and deductions from facts which
> are heard by the trier of fact."  *Thompson* at
> 445.  The element of malice may be inferred
> from the conduct of the defendant if no other
> reasonable explanation exists for his
> actions.  *Johnson v. Smith*, 503 So.2d 868
> (Ala. Civ. App. 1987).

*Eubanks*, 628 So.2d at 775.  The Court has reviewed the Complaint and finds nothing there, factually, which explains how Defendant's actions were malicious.  That being the case, the Court finds that Plaintiff has failed to demonstrate how the Defendants acted with malice.

In summary, the Court has reviewed the Complaint and found that Garrett has not made the necessary showing to state a § 1983 claim for malicious prosecution against the Defendants under *Wood* and *Delchamps*.  As Plaintiff has failed to sustain her burden of demonstrating that the Defendants did not have probable cause under *Lee* and acted with malice, as defined in *Eubanks*, it is recommended that Defendant's Motion to Dismiss be granted as to Garrett's § 1983 claim for malicious prosecution.

Plaintiff has raised State claims of outrage (Doc. 1, ¶¶ 24-25), wantonness (Doc. 1, ¶¶ 26-27), and civil conspiracy (Doc. 1, ¶¶ 30-32) in conjunction with the § 1983 claims which have already been discussed.  The Court notes that Garrett has failed

15

to identify the necessary elements of these torts—either in the Complaint or in the Response Brief (*see* Docs. 1, 23).  Therefore, the Court will examine the law of these claims in order to determine if a claim has been sufficiently stated.

In *Hamilton v. City of Jackson*, 508 F.Supp.2d 1045, 1060 (S.D. Ala. 2007), *affirmed*, 261 Fed.Appx. 182 (11th Cir. 2008), this Court explained the necessary showing to sustain a claim, in Alabama, for the tort of outrage:

> In order for the Plaintiff to prevail under the tort of outrage, he must prove the following:  (1) that the Defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) that the Defendant's conduct was extreme and outrageous; and (3) that the Defendant's conduct causes emotional distress so severe that no reasonable person could be expected to endure it.  *Callens v. Jefferson County Nursing Home*, 769 So.2d 273, 281 (Ala. 2000).  The Supreme Court of Alabama has recognized the tort of outrage in only three areas:  wrongful conduct within the context of family burial; an insurance agent coercing an insured into settling an insurance claim; and egregious sexual harassment.  *Id.* (citing *Thomas v. BSE Indus. Contractors, Inc.*, 624 So.2d 1041 (Ala. 1993)).  The tort of outrage is limited to egregious circumstances.  *Id.* Therefore, the elements of the tort of outrage are only found in rare circumstances. *Barton v. American Red Cross*, 829 F.Supp. 1290 (M.D. Ala. 1993).

*Hamilton*, 508 F.Supp.2d at 1060.  The Court's search has failed to turn up any factually similar cases in which the Supreme Court of Alabama recognized a claim for the tort of outrage.

16

In reviewing Plaintiff's Complaint, the Court notes that Garrett has not provided any new factual allegations within the context of his claim to support it.  Instead, she has referenced the previous factual assertions which make up the "Statement of Facts" portion of the Complaint (Doc. 1, ¶¶ 8-16; *cf*. ¶ 24) and then asserted language which suggests a conclusion of outrageous activity (*id*. at ¶ 25).  The Court finds that this is insufficient under *Twombly* to survive Defendants' Motion to Dismiss.  Accordingly, it is recommended that Defendants' Motion be granted as to this claim.

Plaintiff has also raised a claim of wantonness (Doc. 1, ¶¶ 26-27).  Under Alabama law, "[p]unitive damages may not be awarded in any civil action other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in [] wantonness [] with regard to the plaintiff."  Ala. Code § 6-11-20(a).  *Wantonness* is defined to mean "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others."  Ala. Code § 6-11-20(b)(3).  *Clear and convincing evidence* is defined as follows:

> Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence

> or the substantial weight of the evidence,
> but less than beyond a reasonable doubt.

Ala. Code § 6-11-20(b)(4).

Plaintiff has pled this claim much like the claim for outrage in that she has referenced the general factual allegations of the Complaint (Doc. 1, ¶ 26) before asserting language which suggests a conclusion of wantonness (*id.* at ¶ 27). Again, the Court finds that Garrett has failed to sufficiently plead the facts of this claim to support Defendant's Motion. It is, therefore, recommended that Defendant's Motion to Dismiss be granted as to this claim.

Plaintiff's final State claim is for civil conspiracy (Doc. 1, ¶¶ 30-32). The Alabama Supreme Court has discussed the action and noted that "[a] civil conspiracy requires a combination of two or more individuals to accomplish an unlawful purpose or to accomplish a lawful end by unlawful means." *McLemore v. Ford Motor Co.*, 628 So.2d 548, 550 (Ala. 1993) (citing *Barber v. Stephenson*, 69 So.2d 251 (Ala 1953); *Eidson v. Olin Corp.*, 527 So.2d 1283, 1285 (Ala. 1988)). The *McLemore* Court went on to hold, though, that "'[w]here civil liabiliy for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed.'" *McLemore*, 628 So.2d at 550 (quoting *O'dell v. State ex rel. Patterson*, 117 So.2d 164, 168 (Ala. 1959) (internal quotations omitted)). In *McLemore*, the Alabama Supreme

18

Court determined that the trial court had properly granted summary judgment on the civil conspiracy to defraud claim as the plaintiff had failed to demonstrate the underlying fraud claim. *McLemore*, 628 So.2d at 550-51.  The Court notes that our Sister Court, the U.S. District Court for the Middle District of Alabama, followed this reasoning in granting summary judgment on a civil conspiracy claim as the plaintiff there had failed to demonstrate evidence of the underlying claims.  *Cartwright v. Tacala, Inc.*, 2000 WL 33287445, *16 (M.D. Ala. November 1, 2000).

The Court finds the same factual situation in this action. Garrett's claim for civil conspiracy is based on her § 1983 claims for wrongful arrest and malicious prosecution.  However, the Court has concluded that the wrongful arrest claim is barred by the statute of limitations and the malicious prosecution claim should be dismissed as Plaintiff has failed to demonstrate necessary elements of that claim to sustain it.  As the underlying claims are not viable in this action, it is recommended, in accordance with the law of *McLemore*, that Defendant's Motion to Dismiss be granted as to Plaintiff's claim for civil conspiracy.

In summary, after a full evaluation of all claims raised in Plaintiff's Complaint, it is recommended that Defendants' Motion to Dismiss (Doc. 13) be granted as to all claims on the following grounds:  Count 1 (§ 1983 claim for wrongful arrest) is barred by the statute of limitations; Count 2 (§ 1983 claim for malicious

19

prosecution): Plaintiff has failed to demonstrate that Defendants did not have probable cause for their actions or that they acted with malice; Count 3 (State claim for outrage): Plantiff has failed to sufficiently plead the facts of this claim to satisfy the requirements of *Twombly*; Count 4 (State claim for wantonness): Plaintiff has failed to sufficiently plead the facts of this claim to satisfy the requirements of *Twombly*; Count 5 (State claim for false imprisonment) is barred by the statute of limitations; and Count 6 (State claim for civil conspiracy): There is no basis for this action as it is being recommended that the underlying causes (wrongful arrest and malicious prosecution) be dismissed. It is further recommended that this action be dismissed and that judgment be entered in favor of Defendants Ceonia Stanton, Jeff Dunn, and Pat Donnelly and against Plaintiff Jeanette Garrett on all claims.

<u>MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 28th day of July, 2008.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE