# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0175-WS-M |
| | ) |
| CEONIA STANTON, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This closed matter comes before the Court on plaintiff Jeanette Garrett's Motion to Alter or Amend Judgment (doc. 64).

**I.    Background.**

This lawsuit stems from a sequence of events in which defendant, Ceonia Stanton, Jr., then an officer with the City of Daphne Police Department assigned to the Baldwin County Sheriff's Office Drug Task Force, misidentified plaintiff, Jeanette Garrett, as a person from whom undercover task force agents purchased crack cocaine. Stanton performed minimal investigation before pegging Garrett (a wheelchair-bound stroke victim whose physical appearance and patterns of speech are markedly different from those of the offender, as shown on a video of the drug buy) as the suspect. Based solely on Stanton's incorrect identification, Garrett was indicted on several charges, including unlawful distribution of a controlled substance. Garrett turned herself in and was promptly released on bond. The charges against her were dismissed when one of the undercover agents who had participated in the drug buy saw Garrett in person, at which time it was "obvious" to him that Garrett was not the offender.

Based on these facts and circumstances, Garrett filed suit against Stanton, alleging causes of action for malicious prosecution under 42 U.S.C. § 1983 and state law, as well as state-law claims of outrage, wantonness and civil conspiracy. This Court granted summary judgment to Stanton on all claims via Order (doc. 62) dated November 19, 2009. With respect to Garrett's § 1983 malicious prosecution claim, the Court found that it was barred by well-established principles of absolute immunity. *See, e.g., Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.

2005) ("witnesses in criminal trials and grand jury proceedings are afforded absolute immunity"); *Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir. 2001) ("Police officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury."). Meanwhile, the Court found that all of plaintiff's state-law claims were barred by sovereign immunity based on Stanton's status as a Baldwin County deputy sheriff. *See, e.g., Ex parte Davis*, 930 So.2d 497, 501 (Ala. 2005) ("In general, the acts of the deputy sheriff are the acts of the sheriff. ... Thus, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts.") (citations and internal quotation marks omitted); *Ex parte Haralson*, 853 So.2d 928, 932 (Ala. 2003) (recognizing that (1) Alabama sheriffs are executive officers immune from being sued in execution of the duties of office, and (2) deputy sheriffs are the sheriff's alter ego and are therefore immune to the same extent that sheriffs are).

Plaintiff now seeks alteration or amendment of the summary judgment ruling. In particular, plaintiff contends that summary judgment should be denied because the Eleventh Circuit decisions animating the absolute immunity determination conflict with Supreme Court guidance, and because a jury question exists as to Stanton's deputy status for sovereign immunity purposes.

**II.     Analysis.**

Although the Motion makes fleeting reference to Rule 59, Fed.R.Civ.P., plaintiff fails to recite the applicable legal standard for alteration or amendment of judgment under Rule 59, much less to explain why that standard is satisfied here. This omission is as regrettable as it is commonplace. Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper. Lamentably, the frequency of such "knee-jerk" Rule 59(e) motions in this District Court appears to have risen of late, to the point where such filings by summary judgment losers have become virtually automatic. To be clear, the undersigned views the *pro forma* filing of Rule 59(e) motions, in derogation of applicable legal standards, as an abusive practice that wastes considerable judicial and litigant resources, and implicates Rule

11. Garrett's Motion to Alter or Amend Judgment falls squarely within this category.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").[1] A motion to reconsider is not a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, --- U.S. ----, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008) (citation omitted).[2] The Eleventh Circuit has stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider based on new arguments). Rather, the law of this Circuit is unambiguous that "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar). Simply put, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest

---

[1] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request. It is thus improper to utilize a motion to reconsider to ask a district court to rethink a decision once made, merely because a litigant disagrees.

[2] *See also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (motions for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (same); *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (similar); *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").

injustice." *Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007) (citation omitted).

Garrett's Motion does not come close to meeting these stringent standards for relief. Plaintiff offers no newly-discovered evidence and alludes to no intervening change in controlling law. Rather than invoking manifest errors of law or fact, Garrett rolls out a new legal argument concerning the absolute immunity doctrine as it applies to law enforcement officers' testimony before a grand jury. In particular, Garrett maintains that binding Eleventh Circuit precedent on this issue runs afoul of long-standing Supreme Court guidance. Of course, plaintiff could and should have developed that contention in underlying summary judgment briefs. Yet she chose not to do so. In light of that fact, plaintiff cannot come back now, under the guise of Rule 59(e), to urge this Court to revisit its summary judgment ruling on that basis.

"A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (citation and internal quotation marks omitted). The Eleventh Circuit has made clear that Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued," and that denial of such a motion "is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Id.* (citation omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (similar). Garrett has failed to identify any reason why she did not present this argument on the absolute immunity defense during the summary judgment briefing process, when she had a full and fair opportunity to do so; therefore, she cannot properly air that contention now under the mantle of Rule 59(e).[3]

---

[3] Even if this Court were to consider plaintiff's argument on the merits, the result would be the same. Plaintiff concedes, as she must, that the Eleventh Circuit has found with unambiguous clarity that police officers enjoy absolute immunity for their testimony before a grand jury. *See, e.g., Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2009) ("Police officers receive absolute immunity for their testimony as witnesses at trial and in grand jury proceedings."); *Holmes*, 418 F.3d at 1258 (citing rule that grand jury witnesses receive absolute immunity, and extending that principle to grant absolute immunity to parole officer testifying at parole revocation hearing in scope of official duties); *Scarbrough*, 245 F.3d at 1305 & n.12 ("[p]olice officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury," based on policy considerations of preserving integrity of judicial process,

Nor does plaintiff further her cause under Rule 59 by reiterating her belief that there are genuine issues of material fact as to whether Stanton was acting as a deputy sheriff of the Baldwin County Sheriff's Office. The summary judgment order addressed this issue extensively. (Doc. 62, at 17-21.) In particular, the Court examined the record in the light most favorable to plaintiff and found that "the uncontroverted summary judgment evidence shows that Stanton was working in the line and scope of his duties as a deputy sheriff assigned to the Baldwin County Sheriff's Office Drug Task Force at all times relevant to these proceedings." (*Id.* at 20.) The Court rejected plaintiff's contention that Stanton was merely a Daphne police officer with an expanded jurisdiction, explaining that "[p]laintiff offers no evidence and

---

minimizing intimidation of witnesses, and preventing police officer's energy and attention from being diverted away from law enforcement responsibilities every time a disgruntled defendant accuses him of perjury); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial ... or in front of the grand jury.") (citations omitted). The Eleventh Circuit has shown no signs of discomfort with this rule, and has expressly contrasted and distinguished it from Supreme Court decisions such as *Van de Kamp*, *Kalina*, and *Malley*, the very authorities that, according to Garrett, invalidate that rule. *See Hart*, 587 F.3d at 1296 (re-affirming absolute immunity for police officers' testimony in grand jury proceedings, and simultaneously recognizing limitations on prosecutorial immunity pursuant to *Van de Kamp* and *Kalina*); *Jones*, 174 F.3d at 1281-82 (reciting absolute immunity rule while also identifying holdings of *Malley* and *Kalina*). Likewise, it is clear that, in this Circuit, police officers enjoy absolute immunity for grand jury testimony, but not for affidavits submitted in connection with arrest warrants. *See Hart*, 587 F.3d at 1296; *Jones*, 174 F.3d at 1286 ("While immunity does not shield Powers from liability for ... a false arrest affidavit, Detective Powers is absolutely immune from a § 1983 civil action for his testimony, even if false, before the grand jury."). Garrett may have a problem with the co-existence of these principles, but the Eleventh Circuit plainly does not. And *Jones* forbids in the clearest of terms the "complaining witness" exception sought by plaintiff, stating as follows: "we expressly reject carving out an exception to absolute immunity for grand jury testimony, even if false and even if [the police officer] were construed to be a complaining witness." 174 F.3d at 1287 n.10. Plaintiff identifies neither Supreme Court decisions nor post-*Jones* Eleventh Circuit rulings that negate, conflict with, or undermine that result. Therefore, this Court remains bound by the *Jones* line of authorities, and declines plaintiff's invitation to discard the unambiguous, black-letter absolute immunity principles set forth therein. *See generally Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004) (explaining prior panel rule, under which appellate court is bound by holdings of earlier panels until "they are clearly overruled *en banc* or by the Supreme Court"); *Florida League of Professional Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996) ("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.").

formulates no argument that Stanton was not in fact acting in his role as BCSO deputy sheriff during the events in question." (*Id.* at 20 n.28.)

Plaintiff's Rule 59(e) Motion seeks to re-plow this ground, arguing that a jury question is created by record evidence that Stanton was a Daphne police officer during the relevant times. This is improper, inasmuch as Rule 59(e) motions cannot be used to renew arguments that were previously considered and rejected. *See, e.g., Gipson*, 511 F. Supp.2d at 1185 ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."); *Gougler*, 370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"). Plaintiff argued this very point on summary judgment, and lost. She does not get to re-litigate this issue before this Court merely because she disagrees with the ruling and wants to expand on her previously rejected argument.[4]

## III. Conclusion.

Simply put, plaintiff has identified no basis for placing this case within the narrowly

---

[4] Even if the Court were to consider the merits of this stated ground for altering or amending judgment, it would not succeed. The list of facts that plaintiff rattles off (some of them inaccurately) in the Motion to Alter or Amend Judgment reflects that Stanton had employment ties with the Daphne Police Department during the period in question. But this misses the point. Irrespective of the fact that he was nominally employed and paid by the Daphne Police Department, it is uncontroverted that Stanton was a duly deputized, badge-carrying deputy of the Baldwin County Sheriff's Office during the events in question. It is likewise undisputed that the full measure of his assigned job duties during that time period was to engage in BCSO task force investigation of drug activity in Daphne and throughout Baldwin County (including areas beyond Daphne Police Department jurisdiction). The record is also clear that this lawsuit arises out of a BCSO task force investigation on which Stanton worked with other BCSO task force agents (who were in no way affiliated with the Daphne Police Department). In light of these clear record facts, plaintiff cannot credibly argue (and no reasonable jury could find) that Stanton was acting <u>solely</u> as a Daphne police officer (and not as a BCSO deputy) during the events giving rise to this lawsuit. Nor can she show on this record that Stanton's deputy status was a mere sham or ruse to avoid liability. At most, plaintiff's evidence is that Stanton was wearing two hats, that of BCSO deputy and that of Daphne Police Department officer, during the time period in question. But plaintiff has never proffered any legal or logical argument, and the Court perceives no basis for concluding, that Section 14 sovereign immunity under Alabama law does not reach a *bona fide* sheriff's deputy performing sheriff's office duties if that deputy holds a "dual role" with a municipal police department. (*See* doc. 62, at 20.)

circumscribed scope of Rule 59(e). Garrett filed her Motion to Alter or Amend because she thought of a new (but previously available) argument on absolute immunity, and because she disagreed with the Court's sovereign immunity analysis. That is not sufficient under Rule 59. Even if it were, the Court finds that the stated grounds for relief are not well-taken on the merits. Eleventh Circuit precedent on the doctrine of absolute immunity for grand jury testimony is clear, and has not been reversed by subsequent Supreme Court or *en banc* rulings; therefore, the previous order correctly adhered to that precedent in entering judgment for defendant on the § 1983 malicious prosecution claim arising from defendant's grand jury testimony. And the Court remains convinced that there are no genuine issues of material fact as to whether Stanton was acting as a sheriff's deputy at the relevant times. He clearly was, and is therefore entitled to sovereign immunity on the state law claims.

The Motion to Alter or Amend Judgment (doc. 64) is **denied**.

DONE and ORDERED this 18th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE